1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   TROPOS NETWORKS INC,

10          Plaintiff,                    No. C 05-04281 JSW

11      v.                                **ORDER DENYING WITHOUT**
                                          **PREJUDICE MOTION TO EXPEDITE**
12   IPCO LLC, et al.,                    **DISCOVERY**

13          Defendants.

14
                                        /
15

16      This matter comes before the Court upon consideration of the motion for expedited

17  discovery filed by Plaintiff Tropos Networks, Inc. ("Tropos"). That matter is fully ripe for

18  decision, and the Court finds the matter suitable for disposition without oral argument. N.D.

19  Civ. L.R. 7-1(b). Accordingly, the Court HEREBY VACATES the May 26, 2006 hearing date.

20  For the reasons set forth in the remainder of this Order, Tropos' motion is DENIED WITHOUT

21  PREJUDICE.

22                              **BACKGROUND**

23      On October 21, 2005, Tropos filed this action seeking declaratory relief against

24  Defendant IPCO LLC ("IPCO") and other defendants, seeking *inter alia* a declaration that it had

25  not infringed certain of IPCO's patents and that those patents are invalid. On April 10, 2006,

26  IPCO filed a motion to dismiss for lack of personal jurisdiction, or in the alternative to transfer

27  venue, and re-noticed that motion for a hearing on May 26, 2006 after the case was reassigned to

28  this Court.

1    In response to IPCO's motion to dismiss, Tropos filed a motion for expedited discovery

2    on the issue of personal jurisdiction.  On April 24, 2006, the Court ordered expedited briefing

3    on that motion.  In its reply, Tropos indicated that the parties had begun to meet and confer on

4    the issue of discovery and that it expected a stipulation to be filed resolving the matter.

5    However, when the parties were unable to resolve the matter before its opposition to the motion

6    to dismiss was due, Tropos filed a miscellaneous administrative request to continue the hearing

7    on the motion to dismiss so that the parties could attempt to finalize an agreement on

8    jurisdictional discovery.

9         Upon receipt of IPCO's statement that it did not oppose the request to continue the

10   hearing, on May 5, 2006, the Court issued an Order granting the continuance and ordering the

11   parties to file a joint submission regarding discovery by May 9, 2006.  In response to the Court's

12   order requiring a *joint* submission regarding the status of jurisdictional discovery (*i.e.* either a

13   stipulation or a *joint* notice that the parties were unable to reach agreement), the Court has

14   received: (1) Tropos Networks, Inc.'s Notice of Disagreement, (2) IPCO LLC.'s Notice re

15   Tropos Network's Motion for Expedited Discovery; and (3) Tropos's Reply to IPCO, LLC's

16   Notice.  In this last document, Tropos asks the Court to strike IPCO's notice or to permit it to

17   submit a further response, presumably in connection with IPCO's assertion that it wants to

18   obtain discovery on the purported effects IPCO's conduct has had on Tropos in California.

19        Based on IPCO's submission, it understood that the Court expected the parties to file a

20   joint submission.  However, it also appears that this is the first time IPCO raised the possibility

21   that it would seek discovery from Tropos.  If this position had been raised earlier, and if Tropos

22   had understood the Court's Order to file a *joint* submission, Tropos would not have been

23   required to file an additional pleading asking to make further arguments to the Court about

24   discovery.  However, the purpose of the Court's Order was to determine whether the parties had

25   been able to come to an agreement on discovery and it is beyond obvious that they have not.

**ANALYSIS**

27        As the party invoking the jurisdiction of the Court, Tropos will bear the burden of

28   demonstrating that the Court has jurisdiction over IPCO, and the Court has broad discretion in

determining whether to permit jurisdictional discovery. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977); *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). However, Tropos is not entitled to jurisdictional discovery as a matter of course. In general, jurisdictional discovery "should be granted where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co.*, 556 F.2d at 430 n.24. If, however, the assertions relating to jurisdiction appear "attenuated and based on bare allegations in the face of specific denials made by defendants," a court would not abuse its discretion in denying discovery. *See Terracom v. Valley National Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (quoting *Rich v. KIS Cal. Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988)).

In this case, Tropos contends that jurisdictional discovery will show that IPCO's licensing arrangements will establish continued contacts with California and also contends that jurisdictional discovery will support its assertion that IPCO has made threats intended to cause harm to Tropos in this jurisdiction. In the Court's view, although Tropos' claims do not appear to be attenuated, at this stage, the Court cannot say that Tropos has done more than offer bare allegations as to what jurisdictional discovery "may" show. Accordingly, the Court DENIES WITHOUT PREJUDICE Tropos' motion for expedited discovery. However, Tropos may seek to revisit this ruling by making a further showing that jurisdictional discovery is warranted when it files its substantive response to IPCO's motion to dismiss. The Court will hear the motion to dismiss on June 9, 2006, and will address the question of whether Tropos will be entitled to engage in jurisdictional discovery in connection with that motion.

**IT IS SO ORDERED.**

Dated: May 11, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE