IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TROPOS NETWORKS, INC.,

    Plaintiff,

v.

IPCO, LLC, et al.,

    Defendants.
    /

No. C 05-04281 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 30, 2006, AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Tropos' request to conduct limited jurisdictional discovery and reserves a ruling on IPCO's motion to dismiss pending such discovery. The Court **tentatively DENIES** IPCO's motion to transfer venue.

1. IPCO has asserted, in other lawsuits, that CommUnique LLC has a financial or other interest in those suits. Is IPCO paying royalties to CommUnique or has it licensed the rights in the patents in suit to CommUnique? If so, why would that not provide a sufficient basis to support personal jurisdiction in this action? If not, can IPCO provide a declaration to the Court that there are no continuing obligations between it and CommUnique?

2. a. Does Tropos have any authority that fear of future harm, rather than evidence of actual harm, will satisfy the "effects test" for jurisdiction.

   b. What is IPCO's position on whether, under *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006), Tropos is required to show actual harm, rather than the possibility of future harm?

3. In the section of its motion addressing transfer, IPCO does not address each of the seven factors the Court should consider in evaluating whether transfer is warranted. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-509 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Is IPCO relying on the arguments set forth with respect to whether the exercise of jurisdiction is reasonable? If not, what is its best argument that the factors it has not addressed favor transfer?

4. IPCO relies on the *Sorenson* case to support its arguments regarding transfer. However, the inventors of the patents are located in California. Does IPCO have any evidence that Tropos' development, design, and marketing of the accused infringing products did not occur in California?

5. Based on Tropos' opposition, if the Court stands by its tentative ruling and grants its request for additional discovery, why should any such discovery not be limited to the circumstances surrounding the assignment of the '516 and '062 Patents and the alleged phone call from IPCO to Scientific Atlanta? In light of the fact

that Tropos has not alleged any actual harm, is additional discovery on the alleged phone call necessary?

6. Does IPCO dispute the fact that the Court has supplemental jurisdiction over the state law claims such that, if the Court determined it could exercise personal jurisdiction over IPCO on the declaratory relief claim, it also could exercise jurisdiction over IPCO on these state law claims? *See Electronics for Imaging, Inc. v. Coyle,* 340 F.3d 1344, 1348 n.1 (Fed. Cir. 2003).

7. Are there any other issues the parties wish to address?

Dated: June 28, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE