IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROPOS NETWORKS INC., | |
| Plaintiff, | No. C 05-04281 JSW |
| v. | **ORDER GRANTING MOTION TO TRANSFER VENUE AND DENYING AS MOOT MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| IPCO LLC, et al., | |
| Defendants. | |

**INTRODUCTION**

This matter comes before the Court upon consideration of the motion to dismiss based on lack of personal jurisdiction or, in the alternative, transfer of action on grounds of inconvenient forum filed by Defendant IPCO, LLC ("IPCO"). Having considered the parties' pleadings, the record in this case, relevant legal authority, and having had the benefit of oral argument, the Court HEREBY GRANTS IPCO's motion to transfer venue and DENIES AS MOOT the motion to dismiss.

**BACKGROUND**

Plaintiff Tropos Networks, Inc. ("Tropos") is a California corporation located in Sunnyvale, California, which designs, develops and provides metro-scale Wi-Fi mesh network products and services. (Compl., ¶¶ 2, 11.)

IPCO is a limited liability company located in Atlanta, Georgia. IPCO owns, by assignment, the rights to U.S. Patent No. 6,249,516 ("'516 Patent"), which is directed to a

Wireless Network Gateway and Method for Providing Same and U.S. Patent No. 6,044,062 ("'062 Patent"), which is directed to a Wireless Network System and Method for Providing Same. (Declaration of Gregory L. Hillyer ("Hillyer Decl."), Exs. B-D.) The named inventors on the '516 and '062 Patents are Edwin R. Brownrigg and Thomas W. Wilson, both of whom, according to the face of the patents, are residents of California. (*Id.,* Exs. B-C.) IPCO received its rights in the '516 and '062 patents from CommUnique Wireless, LLC ("CommUnique"), a California corporation. (*Id.*, Exs. D-E; Compl., ¶ 18.) CommUnique assigned its rights to IPCO for "the sum of ONE DOLLAR ($1.00) and other good and valuable consideration." (*Id.*, Ex. D.) The assignment was signed by Edwin Brownrigg on behalf of CommUnique. (*Id.*; *see also* Compl., ¶ 17.)

IPCO asserts that it is not registered to conduct business in California and does not conduct business here. IPCO also states that it holds no real property in California, has no bank accounts here, does not advertise here, does not have offices or employees here, and does not pay taxes in California. (Declaration of Joel Goldman ("Goldman Decl."), ¶¶ 1-9.)

On August 22, 2005, IPCO, through counsel, sent a letter to Tropos, which states "[w]e write to put your company on notice of IPCO's intellectual property rights. We are concerned that Tropos may be infringing IPCO's patent rights. We ask that you review these patents and let us know what Tropos' position is on whether its mesh network system infringes these patents." (Goldman Decl., ¶ 12; Declaration of Michael B. Taylor ("Taylor Decl."), Ex. A; Compl., ¶ 19.) Both the '516 and '062 Patents are mentioned in this letter. (*Id.*)

According to the allegations in Tropos' Complaint, IPCO has contacted its customers and informed them that they (the customers) and Tropos are infringing the '516 and '062 Patents. (Compl., ¶ 36.) However, the only specific contact Tropos has identified is an alleged phone call to Scientific Atlanta, a company located in Atlanta, Georgia. (Taylor Decl., ¶¶ 6-9.) IPCO has not denied Tropos' assertion that it made contact with Scientific Atlanta. (*See, e.g.,* Goldman Decl., ¶ 14.) Tropos claims, as a result of this contact and IPCO's threat of infringement, that it "feared a negative impact on Tropos' ability to do business an a continuing exposure to similar threats made to other existing and potential customers and partners."

(Taylor Decl., ¶ 11.) Tropos has not identified any sales or customers that it has lost as result of IPCO's alleged actions.

In response to IPCO's threats, however, Tropos filed this action on October 21, 2005, seeking a declaratory judgment of non-infringement and invalidity as to the patents-in-suit. Tropos also asserts causes of action for: (1) tortious interference with contract; (2) tortious interference with prospective economic advantage; and unfair competition under California Business and Professions Code § 17200.

On March 13, 2006, IPCO filed suit against Tropos in the United States District Court for the Northern District of Georgia, alleging that Tropos infringed the '516 Patent. In addition to the case against Tropos, there are two other lawsuits pending in Georgia, *IPCO LLC v. Elster Electricity, LLC,* Case No. 05-1138-CC and *IPCO LLC v. CellNet Technology*, Case No. 05-2658-CC. All three of the Georgia cases involve the '516 Patent. IPCO has asserted the '062 Patent in the *CellNet* case, although CellNet has moved to dismiss that patent from the litigation. Currently, the *CellNet* and *Elster* cases have been consolidated for pretrial purposes. (*See generally*, Stipulation of Tropos Networks, Inc. and IPCO LLC Concerning Patents in Georgia Litigation.)

## ANALYSIS

Although IPCO moved in the first instance to dismiss this case outright for lack of personal jurisdiction, it moved in the alternative to transfer the matter to the Northern District of Georgia, where the other matters are pending. This is a close case but, for the reasons set forth in the remainder of this Order, the Court finds that the interests of justice tip the balance in favor of transfer.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the moving party, IPCO bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires production of affidavits or declarations identifying key witnesses and anticipated testimony).

3

In order for a district court to transfer an action under section 1404, a court must make the following two findings: (1) that the transferee court is one where the action "might have been brought;" and (2) that the convenience of the parties and witnesses and the interest of justice favor transfer. *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985). There is no dispute in this case that Tropos could have brought this action in the Northern District of Georgia. Accordingly, IPCO has met its burden on this prong.

To determine whether IPCO has met its burden on the second prong, the Court considers the following factors: plaintiff's choice of forum; convenience of the parties; convenience of the witnesses; access to compulsory process of third party witnesses; ease of access to sources of proof; local interest in the controversy; familiarity of each forum with the applicable law; and relative court congestion in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). It is within the Court's discretion to determine whether the convenience of the parties, convenience of the witnesses, and the interests of justice would be served by transfer. *E. & J. Gallo*, 899 F. Supp. 2d at 466.

### 1. The Plaintiff's Choice of Forum.

A court should give the plaintiff's choice of forum deference unless the defendant can show that the other factors of convenience clearly outweigh the plaintiff's choice of forum. *Decker Coal Co.*, 805 F.2d at 843. Tropos contends that its choice to file this action in the Northern District of California should be given great weight.

Tropos seeks a declaration that it has not infringed IPCO's patents and that those patents are invalid. Not only are the inventors of the patents located in California, in a patent case the central facts of the lawsuit occur "where the defendant is alleged to have developed, tested, researched, produced, marketed, and made sales decisions concerning the accused product." *Sorensen v. Daimler Chrylser, A.G.,* 2003 WL 1888866 at *3 (N.D. Cal. Apr. 11, 2003). Thus, although Tropos is the nominal plaintiff, to the extent IPCO will assert that IPCO infringed its patents, because Tropos is located here, it can be expected that the development, design, and marketing of the allegedly infringing products occurred in California.

4

However, the operative facts that give rise to Tropos' tort claims appear to have occurred in Georgia. Accordingly, the Court concludes that while Tropos' choice of forum is entitled to some deference, on balance this factor is neutral. *See Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002) (citing *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968)) (noting that while plaintiff's choice of forum is normally entitled to great deference, minimal consideration should be given to that choice where the operative facts do not occur within the selected forum).

### 2. The Convenience of the Parties.

In addition to considering the plaintiff's choice of forum, the court will consider the relative convenience to all the parties involved in the lawsuit of the competing forums when deciding a motion to transfer. *Gulf Oil Co.*, 330 U.S. at 508. IPCO argues that it would be more convenient for it to litigate this matter in its home forum, Georgia, because it is a small company and because Tropos does business nationwide. (Mot. at 10 (citing Tropos' website).) Tropos argues that it would be more convenient more convenient to litigate this matter in its home forum, California. Because party witnesses are likely to be located in both fora, this factor is also neutral.

### 3. The Convenience of the Witnesses and Compulsory Process of Third Party Witnesses.

The convenience of the witnesses is often the most important factor when deciding a motion to transfer, as is the availability of key witnesses not within compulsory process of a district court is a factor. *See Gulf Oil Co.*, 330 U.S. 508-09. As stated previously, party witnesses are located in Georgia and California. Apart from the inventors of the patents, who are located in California, and the customer IPCO allegedly contacted, which is located in Georgia, IPCO has not identified with specificity any other third-party witnesses who would have information material to Tropos' claims that are located outside of this jurisdiction. Because key witnesses are located in both fora, the Court finds these two factors to be neutral.

### 4. The Ease of Access to Sources of Proof.

Access to sources of proof is another factor that favors transfer. *Gulf Oil Co.*, 330 U.S. at 508. IPCO does not specifically address this factor. However, the inventors of the patents are located within California. Similarly, while Tropos also does not address where its sources of proof are located, its principal place of business is located in California. Therefore, it is likely that much of Tropos' evidence regarding its own production of the accused products will come from its documents and employees located in California. With respect to the tort claims, the sources of proof appear to be located in Georgia. Again, this factor appears to be neutral.

### 5. The Local Interest.

Another consideration in a decision to transfer venue is the local interest in having localized controversies decided at home. *Gulf Oil*, 330 U.S. at 508. In this case, to the extent patent claims are asserted, it appears that Tropos' development and marketing activities occurred within this district. Georgia, however, would have an interest in protecting its citizens against alleged infringers.

With respect to Tropos' tort claims, the conduct appears to have occurred in Georgia, by IPCO, a Georgia LLC, and the customer contacted was another Georgia corporation. In opposing the motion to transfer, Tropos identified no customers in California that were contacted by IPCO. Thus despite the fact that California would have an interest in protecting its residents from such conduct, Georgia also "has an interest in its corporations and the activities they undertake." *See Jarvis v. Marietta Corp.*, 1999 WL 636231, *7 (N.D. Cal. Aug. 12, 1999) (holding local interest factor weighed in favor of transfer despite plaintiff being a California citizen where actions which substantiate the plaintiff's claim occurred predominantly in New York and involved a New York Corporation). Accordingly, the Court finds that this factor weighs in favor of transfer.

### 6. Familiarity of each forum with the applicable law

To the extent patent claims are involved, he law applied by both courts will be the same. However, Tropos asserts claims against IPCO under California state law, including an unfair

competition claim, and this Court would have greater familiarity with those claims than the Georgia court. The Court finds that this factor weighs against transfer.

**7. Relative court congestion in each forum**

Neither party addressed this factor in their papers. Based on statistics available to the Court, this factor again would appear to weigh in favor of transfer.

Finally, IPCO, however, has initiated two additional lawsuits alleging infringement of its patents in the Northern District of Georgia. Moreover, it is apparent from the record in the *Elster* case that the parties have already fully briefed the matter of how the claims of the '516 Patent should be construed. Accordingly, while recognizing that in general, a plaintiff's choice of forum should not be disturbed, the Court finds that on balance, IPCO has met its burden to show transfer to the Northern District of Georgia is warranted.

Accordingly, Defendant's motion to transfer venue is GRANTED. The Clerk is directed to transfer this matter to the Northern District of Georgia. In light of this ruling, Defendant's motion to dismiss for lack of personal jurisdiction is moot.

**IT IS SO ORDERED.**

Dated: July 7, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE